LEON L. HILL, Appellant, v. TOWN OF RUSSELL, Respondent.— Appeal by plaintiff from a judgment of nonsuit granted at a Trial Term of the Supreme Court, St. Lawrence county, in an action for negligence. Plaintiff was driving his team along a narrow dirt road in the town of Russell. He was walking on the left side of his wagon, which was loaded with wood. While thus walking, he attempted to replace some of the sticks of wood, his right foot caught in a

strand of barbed wire which lay on the edge of the road, and he fell and was injured. The bottom of the fence along the highway was about six feet from the beaten path, and the top previously had tipped toward the road so that the top was about a foot from the beaten track. It was a woven wire fence, with two strands of barbed wire at the top. The wire that tripped plaintiff had broken from the fence. Previously the fence had tipped over so that it lay flat, but three weeks before the accident it had been straightened up. There is no proof as to how long the wire had been in the road previous to the accident, consequently no proof of constructive notice to the town officials, and no proof of actual notice. The appellant claims that the town superintendent of highways admitted knowledge, but this admission, given its broadest effect, related only to the general conditions, but did not show any knowledge as to the wire in question. Judgment affirmed, with costs. Hill, P. J., Rhodes and Heffernan, JJ., concur; Crapser and Bliss, JJ., dissent on the ground that there is proof of both constructive and actual notice of the dangerous condition.